# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DENISE HOEY, Attorney in Fact and
Next Friend of DELPHINE KAISER,

        Plaintiff

v.

SUNRISE SENIOR LIVING
MANAGEMENT, INC.,

        Defendant,

Hon. Denise Page Hood
Hon. 211-cv-13740-DPH-LJM

---

| THE SAM BERNSTEIN LAW FIRM | SULLIVAN WARD ASHER & PATTON |
|---|---|
| STANLEY J. FELDMAN (P52123) | JONATHAN M. JAFFA (P23717) |
| SAMUEL I. BERNSTEIN (P10745) | Attorneys for Defendant |
| Attorneys for Plaintiff | 1000 Maccabees Center |
| 31731 Northwestern Hwy, Suite 333 | 25800 Northwestern Hwy |
| Farmington Hills, MI  48334-1669 | P. O. Box 222 |
| (248) 538-3147 | Southfield, MI  48075 |
| (248) 538-3142, Legal Assistant | (248) 746-0700 |

---

## FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

        **There is no other civil action between these parties arising out of the
same transaction or occurrence as alleged in this complaint pending
in this Court, nor has any such action been previously filed and
dismissed or transferred after having been assigned to a judge, nor
do I know of any other civil action, not between these parties,
arising out of the same transaction or occurrence as alleged in this
complaint that is either pending or was previously filed and
dismissed, transferred, or otherwise disposed of after having been
assigned to a judge in this Court.**

    NOW COMES Plaintiff, DELPHINE KAISER, by and through her Attorney in

Fact and Next Friend, DENISE HOEY, represented by THE SAM BERNSTEIN LAW

FIRM and attorney STANLEY J. FELDMAN, and does hereby complain against the

above named Defendants stating on to this Honorable Court as follows:

### JURISDICTIONAL ALLEGATIONS

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

1.    That the Plaintiff DELPHINE KAISER was at the time of this incident a resident of SUNRISE OF GROSS POINTE WOODS senior assisted living facility located at 21260 Mack Avenue, Grosse Pointe Woods, in the County of Wayne, State of Michigan.

2.    That the complained of acts and/or omissions occurred at the assisted living community, commonly referred to as SUNRISE OF GROSS POINTE WOODS, located at 21260 Mack Avenue, in the City of Grosse Pointe Woods, County of Wayne, State of Michigan.

3.    That the Plaintiff DENISE HOEY is the daughter, Attorney in Fact and Next Friend of DELPHINE KAISER, and is currently a resident of Carlesbad, California (with DELPHINE KAISER now living in the State of California in close proximity).

4.    That the Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., is a domestic profit corporation with corporate headquarters in McLean, Virginia, and which company accepts service process through the corporation and company located at 30600 Telegraph Road, Bingham Farms, Michigan 48025, and which at all times conducted business in the County of Wayne, State of Michigan, as the owner and/or operator of assisted living communities, including, but not limited to, that assisted living community, commonly referred to as SUNRISE OF GROSS POINTE WOODS (hereinafter collectively referred to as "Sunrise")

5.    That at all times pertinent hereto SUNRISE OF GROSS POINTE WOODS was a part of the Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., holding itself out to the public as being a member of the "Sunrise Community".

6.    That the Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., was at all times pertinent hereto the owner and/or operator, and was otherwise in possession and/or control over the Sunrise Community, including SUNRISE OF GROSS POINTE

THE
SAM BERNSTEIN®
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

WOODS, located at 21260 Mack Avenue, Grosse Pointe Woods, Michigan 48236, where the acts and/or omissions complained of took place.

7.     That the amount in controversy exceeds the sum of $25,000.00 (Twenty-Five Thousand Dollars) exclusive of interest, costs and attorneys fees and is otherwise within the jurisdiction of this court.

**COUNT I**
**NEGLIGENCE**

8.     That on May 1, 2009, the Plaintiff DELPHINE KAISER took up residency in SUNRISE OF GROSS POINTE WOODS assisted living community after she lost her husband due to cancer and could not otherwise live on her own due to advanced dementia and sequelae thereof.

9.     That from that point forward DELPHINE KAISER was a resident of/in the "Reminiscence Unit," and "Reminiscence Neighborhood", part of the "Reminiscence memory care program," of Sunrise and which was marketed by these Defendants to the public, and to DELPHINE KAISER in particular, as being unique by design, the most advanced program for those residents with special needs as a result of dementia, and which representations of material fact also included that the Reminiscence Neighborhood would provide unparalleled safety and security to those with dementia (the combination of website and/or written materials provided, together with repeated verbal assurances made by Defendant's staff), a resulting safe environment, thereby providing peace of mind and/or mental solitude to DELPHINE KAISER, and the responsible family members then assisting her,, and with that enticing them to enroll her (DELPHINE KAISER) in the Defendants' program/facility/community.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

10.     That at all times while residing in Defendants Sunrise assisted living community DELPHINE KAISER was an elderly woman suffering from dementia, which denied her the ability to take care of herself or manage her own affairs, and which condition made her a vulnerable adult and at risk for injury unless provided adequate caregiver assistance, a fact which was known to these Defendants by virtue of discussions with family members, interactions with the resident, the unambiguous nature of the contract for services/programs negotiated and paid for, and periodic resident assessments performed, among others indicia.

11.     That as a result of her dementia condition, DELPHHINE KAISER required a higher level of supervision and care, again a fact which was known to these Defendants and for which additional compensation was paid/received for her to acquire same.

12.     That a special relationship existed between these Defendants and DELPHINE KAISER because of her inability to protect herself from harm due to cognitive and other conditions and the fact that DELPHINE KAISER had been entrusted to the control and protection of these Defendants with subsequent surrender and loss of control by the responsible family members who had contracted on her behalf with the Defendant's foor the Defendants to provide necessary support, protection and assistance in their place and stead and as part of her residency and care in Defendants Reminiscence community/program.

13.     That these Defendants received an economic benefit as a result of that special relationship in the form of payments for additional services and care programs.

14.     That these Defendants acknowledged the special relationship by admitting DELPHINE KAISER into its Reminscence Program/Community appropriate only for those suffering from Alzheimers, dementia and/or other cognitive impairment.

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

15.     That these Defendants had the ability and duty to comply with that heightened duty of care established by this special relationship, or in the alternative represented to DELPHINE KAISER and her responsible family members that they had such ability.

16.     That moreover, the Licensing Rules for Homes for the Aged, such as SUNRISE OF GROSS POINTE WOODS assisted living community, promulgated by the State of Michigan, Department of Human Services, Bureau of Children and Adult Licensing, and effective August 1, 2004, establish the minimum rights, services and/or protections to be afforded by these Defendants to each resident, including DELPHINE KAISER.

17.     That the Licensing Rules for Homes for the Aged establish that each resident is to be afforded "protection" by the Defendant, meaning the continual responsibility of the home to take reasonable action to ensure the health health, safety, and well being of a resident as indicated in the resident's service plan, including protection from physical harm, humiliation, intimidation, and social, moral, financial and personal exploitation while on the premises, while under the supervision of the home or an agent of the home , or when the resident's service plan states the resident needs continuous supervision.

18.     That the Licensing Rules for Homes for the Aged further establish that each resident is to be provided "supervision", also including, but not limited to, being aware of a resident's general whereabouts as indicated in the resident's service plan, even though the resident may travel independently about the community.

19.     That the Licensing Rules for Homes for the Aged, regarding the Administrative Management of Homes, *(R 325 et. Seq.)* provides that the owner, operator and governing body of the home assumes full legal responsibility for the overall conduct

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

and operation of a home (Rule 21),  and must assure the home maintains a program a program to provide protection, supervision, assistance and supervised personal care to its residents (Rule 21), must appoint a competent administrator responsible for operating a home in accordance with the established policies of the home (Rule 21), must assure the resident receives services consistent with the home's program statement and in accordance with the resident's service plan and agreements (Rule 21), shall provide room, board, protection, supervision, assistance and supervised personal care consistent with the resident's service plan (Rule 22), shall update each resident's service plan if there is a significant change in the resident's care needs (Rule 22), report all  incidents, accidents and/or elopements (events where residents suffers harm or is at risk of more than minimal harm (including abuse, neglect and/or exploitation) within 48 hours of the occurrence to the State (Rule 24), shall not retain a resident who requires continuous nursing care services (Rule 22), shall discharge or transfer a resident if the resident has demonstrated behaviors that pose a risk of serious harm to others unless the home has the capacity to manage the manage the resident's behavior (Rule 22), among other particulars. Additionally, the  Licensing Rules for Homes for the Aged, regarding Resident Care, provide that the home shall treat the resident with respect and dignity and personal care needs, including protection and safety, shall be attended to consistent with the resident's service plan (Rule 31), and the home shall designate 1 person on each shift to be supervisor of resident care who shall protect residents from accidents from accidents and injuries. (Rule 31), among other particulars.

20.     That in addition to the foregoing licensing regulations and minimum care services owed, the contract for services/Residency Agreement, entered into for and/or

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

on behalf of DELPHINE KAISER with these Defendants specifically provided: "the services and programs described in the following pages of this Residency Agreement are available to the residents as determined by the Community following an Assessment processed described in Article I.   Pursuant to Rule 324.1922 of the Michigan Homes for the Aged Regulations: "The Community shall provide room, board, protection, supervision, assistance and supervised personal care consistent with the resident's service plan":

ARTICLE VI<br>
Services Available to Residents at the Community

A.   <u>Services Available at the Community.</u>   The services and programs described in the following pages of this Residency Agreement are available to residents, as determined by the Community following the Assessment process described in Article I.   Pursuant to R325 1922 of the Michigan Homes for the Aged Regulations the Community shall provide room, board, protection, supervision, assistance, and supervised personal care consistent with the residents service plan.

21.   That the Program and Services Description, included as part of the contract for services/Residency Agreement, represents how base services to all residents, including DELPHINE KAISER, will include, though not be limited to, monitoring and observing of the Resident, and supervision with activities of daily living, including, but not limited to ambulation and orientation:

PROGRAMS AND SERVICES DESCRIPTION

<u>ASSISTED LIVING – BASE SERVICES</u>

The Resident will received the following services (the "Assisted Living Base Services'), which are included in the Assisted Living Base Fee, subject to the terms and conditions of this Agreement

A.   Basic assistance including montoring and observing of the Resident, providing the Resident with reminders and supervision with activities of daily living, including, but not limited to, eating, bathing, dressing, grooming, toileting, ambulating, and orientation.   This includes verbal assistance and/or direction with showering or hydro-tub bath one time per week.   It does not include any

THE<br>
SAM BERNSTEIN<br>
LAW FIRM<br>
31731 NORTHWESTERN HIGHWAY<br>
SUITE 333<br>
FARMINGTON HILLS,<br>
MICHIGAN 48334-1669<br>
(800) 225-5726<br>
A PROFESSIONAL LIMITED<br>
LIABILITY COMPANY

other hands-on assistance with any of the above-mentioned activities of daily living

22.     That additionally, the Program and Services Description, provided as part of the contract for services/Residency Agreement, represents that as to those residents, such as DELPHINE KAISER, who elected to enroll in the Reminiscence Program, and who chose to pay for "Reminiscence Plus" and "Reminiscence Plus Plus" Programs, and "Enhanced Care" Programs, and at additional charge, they would receive additional services, including, but not limited to, 24 hour staffing in the Reminiscence Neighborhood by care managers specially trained in dealing with people with memory loss, more frequent and intensive assistance and/or additional staff time and/or assistance by more than one caregiver as necessary:

**REMINISCENCE PROGRAM**

The Community's Reminiscence Program ("Reminiscence Program") is designed for residents who have a diagnosis on their Physician's Report of Alzheimer's disease or related disorder such as dementia or, it has been determined through the Reminiscence Assessment that ti is in the best interest of the Resident.  Residents in this program will reside in accommodations within our specially designed Reminiscence Neighborhood.  The Reminiscence Neighborhood is staffed 24 hours a day by care managers who have been specially trained to support people with memory loss.

Included in the Reminiscence Base Fee is your choice of accommodations within our specially designed Reminiscence Neighborhood.

The Reminiscence Program Fee includes some basic assistance with activities of daily living and services B through L listed under "Assisted Living – Base Services."

**"REMINISCENCE PLUS" AND "REMINISCENCE PLUS PLUS" PROGRAMS**

The Community's "Reminiscence Plus" and "Reminiscence Plus Plus" Programs for Alzheimerr's and Dementia care are designed for residents who require or prefer more frequent and intensive assitance with activities of dialy living, as determined by the personalized assessment utilizing a point system. The Reminiscence Plusand Reminiscence Plus Plus Program Fees are in addition to the Reminiscence Base Fee.

**ENHANCED CARE PROGRAM**

THE
SAM BERNSTEIN,
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

The Community's Enhanced Care Program is designed for Residents whose needs cannot be met under the Assitied Living Plus Plus Program because they requireadditional staff time or they consitently require assitnace by more than one caregiver.

23.    That the fee for the base Reminiscence Program, and  "Reminiscence Plus" and "Reminiscence Plus Plus" Programs, and "Enhanced Care" Programs, and associated services that were to be provided to and/or or for the benefit of DELPHINE KAISER by these Defendants, and as part of her living in the "Reminiscence Unit", was a self pay of $63,360.00 per year, which was in fact tendered to these Defendants, and for which DELPHINE KAISER was entitled to receive the premium care services contracted for and otherwise agreed upon.

24.    That at all times pertinent hereto, the staff at SUNRISE OF GROSS POINTE WOODS who were responsible for delivering the care and/or contractual services specified and/or who otherwise owed the duty of care as specified, were the actual, express, implied, and/or ostensible agents, servants and/or employees of Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC.,  and/or G. P. WOODS ASSISTED LIVING, LLC, and/or were acting in the course and scope their employment and/or agency, for which one or both of these Defendants is vicariously liable and/or liable pursuant to the Doctrine of *Respondent Superior* for the acts and/or omissions complained of.

25.    That the Defendant, specifically represented to DELPHINE KAISER and her responsible family members acting on her behalf that they (the Defendants) would and could provide room, board, protection, supervision, assistance, observation and supervised personal care consistent with the contract for services (and the Residency Agreement and Program and Services Description contained therein) together with

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

that assistance and staffing paid to deliver enhanced/extra care services (including services in the form of extra personalized attention and/or those services tailored to her individualized need consistent with the resident care plan) and the unique and unparalleled safety and security as part of the Reminiscence Program.

26.    That the Defendant, by and through its agents and/or employees did not provide the necessary and/or additional protection, supervision, observation and/or assistance consistent with the contract for services/Residency Agreement and Program and Services Description contained therein (and which was otherwise a contractual obligation), nor that care consistent with the Resident's service plan or even that minimum care as required by common law, statute, licensing rule and/or regulation-- e.g. Licensing Rules for Homes for the Aged, let alone live up to its representations of unparalled safety and security for those enrolled in the Reminiscence program.

27.    To that end, DELPHINE KAISER'S individualized service plan in effect as of July 4, 2009, provided in regards to safety that "although she can walk on her own, a care manager should be with her while walking to guide her where to go" and regarding fall prevention "When Delphine is walking, a care manager should walk beside her."

28.    That at all times relevant it was well known to these Defendants staff members at SUNRISE OF GROSS POINTE WOODS (as evidenced by wellness and health updates sent monthly) that DELPHINE KAISER would tend to wander, and, consequently, it was documented how the facility care managers were to know her whereabouts at all times and accompany her.

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

29.   That on or about July 4, 2009, an activity for the residents, including DELPHINE KAISER, was taking place in the dining area believed to be some sort of craft activity.

30.   That DELPHINE KAISER foreseeably wandered away from the activity because she was not being reasonably and/or carefully observed, supervised and/or protected, nor was she accompanied by a care manager for safety as call for by her individualized service plan.

31.   That DELPHINE KAISER, consequently became the victim of a sexual attack perpetrated by "Chester" Erbin Wattles, another resident living at that assisted living facility, who was legally incompetent.

32.   That the ongoing attack was interrupted only by way of happenstance, after a facility worker who came upon Mr. Wattles' room while passing out cupcakes, and found his door to be locked.

33.   That once the door was unlocked and opened the facility worker observed Mr. Wattles wearing only a T-shirt, standing next to his bed, hunched over his left hand on the bed and his right hand (fingers) in the vagina DELPHINE KAISER, who was on the bed unclothed, except for her shirt which was pushed up near her neck, her arms in the up position, with tears in her eyes.

34.   That DELPHINE KAISER was seen for medical treatment due to blood observed in the area of the vagina.

35.   That in the aftermath Mr. Wattles was taken in for psychological/psychiatric evaluation, removed from SUNRISE OF GROSS POINTE WOODS and transported to another Sunrise Assisted Living Facility located at 1850 Vernier Road.

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

11

36.     That upon information and belief the staff of SUNRISE OF GROSS POINTE WOODS was initially not going to report the incident but later did so due to the obvious signs of sexual penetration including bleeding from the vagina.

37.     That following the assault of July 4, 2009, these Defendants, including, but not limited to its staff at SUNRISE OF GROSS POINTE WOODS, changed its practice to now perform 15 minutes checks on its residents, and, specific to DELPHINE KAISER, to provide that a care provider was to be with her at all times "because she tends to wander."

38.     That DELPHINE KAISER did not wander any more following this incident so that she required a care provider to be with her at all times. Indeed she was documented as having been known to wander on her initial assessment and was in need of such services throughout; though these services were not provided by Defendant..

39.     That against that backdrop the staff of these Defendants operating SUNRISE OF GROSS POINTE WOODS either knew or should have known of the threat/risk posed by Mr. Wattles to DELPHINE KAISER and other vulnerable female residents similarly situated, based on  inappropriate and overtly sexual advances on DELPHINE KAISER and/or other female residents previously made by Mr. Wattles, specifically including, but not limited to, prior instances where Mr. Wattles had groped DELPHINE KAISER's breasts and/or attempted to kiss and/or fondle her.

40.     That DELPHINE KAISER did not welcome these prior (or subsequent) overt sexual advances and/or inappropriate physical contacts by Mr. Wattles, which were visible from her reaction and as reported to Defendant at SUNRISE OF GROSS POINTE WOODS.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

12

by her family members who voiced disapproval of this conduct/behavior.

41.     That additionally at all times DELPHINE KAISER was incapable of consenting to any physical/sexual contact with anyone during her stay at SUNRISE OF GROSS POINTE WOODS.

42.     Moreover, the staff of these Defendants operating SUNRISE OF GROSS POINTE WOODS either knew or should have known of the sexual predilections and material threat/risk posed by Mr. Wattles to DELPHINE KAISER, and other vulnerable female residents similarly situated, based on his inappropriate and overtly sexually aggressive behavior demonstrated to Defendant's staff members at SUNRISE OF GROSS POINTE WOODS, *prior to July 4, 2009,* specifically including, but not limited to, instances where Mr. Wattles had put his hands on the "rear" [buttock] of a female shift lead/supervisor of direct care staff, trying to put his fingers "in" her "rear", such that the female staff member had a hard time removing his hand and had to walk away from him (Mr. Wattles) in order to remove his hand from her "rear", another instance where a shift direct care staff member had her buttock grabbed by Mr. Wattles and who upon going to wake him for breakfast observed how he would grab his private area and tell her to get into bed with him and also making comments of a sexual nature while assisting him with showering, a medical technician who reported that Mr. Wattles had an erection and tried to pull her into the shower and later groped her under her apron (which prior incidents were reported to the Assisted Living Coordinator), and other prior instances where Mr. Wattles would comment on the female staff members breasts---all of which prior instances of sexual misconduct were documented in the State of Michigan, Department of Human Services, Bureau of

THE

SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

Children and Adult Licensing, Special Investigation Report, published on August 18, 2009 (relative to the July 4, 2009 incident).

43.     That the State of Michigan, as part of the Special Investigation, determined that Defendant had violated multiple licensing rules and/or regulations, in connection with the July 4, 2009 incident, including, but not limited to, failing to assure that the policy of resident protection was implemented as it relates to DELPHINE KAISER (Rule 21), failing to update the resident service plan for Mr. Wattles to include methods methods to manage the aggressive sexual behaviors that he exhibited toward staff on multiple occasions before his 7/04/09 sexual assault of DELPHINE KAISER (Rule 22), failing to timely report incident/accident (Rule 24), and the supervisor of resident care failure to protect and to treat DELPHINE KAISER with kindness and respect (Rule 31), among other lapses.

44.     That the Defendant did not contest or challenge the above stated licensure rule violations found/determined by the State of Michigan and, instead, submitted a plan of correction, which constitutes a legally binding admission of wrongdoing as to factual assertions of wrongdoing and the claimed statutory, regulatory violation and as it relates to the claim of negligence *per se*.

45.     That the Defendants prior awareness of Mr. Wattles inappropriate or overtly sexual advances on DELPHINE KAISER and/or other residents of the facility was such that the Defendants staff at SUNRISE OF GROSS POINTE WOODS jokingly, albeit in poor taste, referred to Mr. Wattles, whose nickname was "Chester," as "Chester the Molester".

46.     That despite receiving advance notice of the sexually aggressive and inappropriate behavior of Mr. Wattles, dangers associated therewith from these prior

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

14

episodes of inappropriate touching, the staff of these Defendants operating SUNRISE OF GROSS POINTE WOODS did nothing to timely remove Mr. Wattles from this facility, or otherwise provide adequate let alone increased supervision and monitoring from and against same (not even as required by the contract for services/Residency Agreement, the individualized service plan and at variance with common law and statute) among other lapses.

47.    That without such timely and appropriate advance action and precaution being undertaken by these Defendants, a sexual attack by Mr. Wattles on DELPHINE KAISER or another vulnerable female resident at SUNRISE OF GROSS POINTE WOODS was imminent, foreseeable and/or predictable.

48.    That following the sexual assault by Mr. Wattles, Defendant by and through its administrator promised that that a care provider would be assigned at to DELPHINE KAISER all times from and against harm, and this change was noted to be present in the service plan as updated on July 4, 2009.

49.    Notwithstanding Defendant's notice of what had previously occurred, and the admitted necessity for increased monitoring, supervision and vigilance to protect DELPHINE KAISER, who Defendant conceded was "less capable than some others in defending herself", Defendant permitted yet another documented molestation and violation of DELPHINE KAISER to occur on August 8, 2009, where they permitted another male resident to sit on the couch next to her and who then proceeded to put his hand in her shirt fondling her breast.

50.    That in the aftermath, and as a direct and proximate result of the July 4, 2009 and August 8, 2009 sexual transgressions and trauma Defendant caused and/or permitted to occur, Delphine experienced a marked change in personality and

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

15

behavior, a point which is well documented in the August 25, 2009 Service & Health Update at Sunrise, which states, in pertinent part how "She has had a couple of instances with Care Managers where she became aggressive, as in, trying to push them away, which is unusual for her", behavioral changes that persist to this date despite leaving Defendant Sunrise.

51.     That at all times these Defendants owed a duty of reasonable care to supervise and/or protect Plaintiff DELPHINE KAISER and other vulnerable adults residing in the Reminiscence program/community from the risk of injury, including, but not limited to, that associated with wandering and/or elopement through or out of the facility unsupervised, as well as to protect these residents from and against those individuals who these Defendants knew or had reason to know posed a foreseeable danger or risk of harm to these residents, and to provide appropriate safety supervision and monitoring and protection as needed from and against same, and in accordance with the resident care plan, among other duties.

52.     That notwithstanding its duties and obligations as hereinbefore narrated these Defendants were guilty of one or more of the following negligent acts and/or omissions:

    a.     Negligently, carelessly and/or recklessly failing to properly observe, monitor, protect and/or supervise vulnerable adults, such as DELPHINE KAISER, from and against injury;

    b.     Negligently, carelessly and/or recklessly failing to timely remove or transfer individuals from the facility, such as Mr. Wattles, who were known to pose a risk or danger or harm to the vulnerable adult female residents based on prior acts of un-consented to and overt sexual contact with DELPHINE KAISER and/or other residents of the community/program and/or Defendant's staff members, among other indicia;

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

16

c. Negligently, carelessly and/or recklessly failing to timely and appropriately change or update the care plan of Mr. Wattles, who were known to pose a risk or danger or harm to the vulnerable adult female residents based on prior acts of un-consented to and overt sexual contact with DELPHINE KAISER and/or other residents of the community/program and/or Defendant's staff members, among other indicia, for the benefit and protection of other residents

d. Negligently, carelessly and/or recklessly failing to timely and appropriately increase safety supervision and/or monitoring of Mr. Wattles in the event he was allowed to continue to reside in the community, by directing and/or allocating additional staff and resources, inasmuch as he was known to pose a risk or danger or harm to the vulnerable adult female residents based on prior acts of un-consented to and overt sexual contact with DELPHINE KAISER and/or other residents of the community/program and/or Defendant's staff members, among other indicia, for the benefit and protection of other residents.

e. Negligently, carelessly and/or recklessly admitting, maintaining or retaining residents, such as Chester Wattles, in the Defendant's community/program, where vulnerable adults, such as DELPHINE KAISER, and where the Defendants either knew or should have known of his dangerous propensities and risk of harm same posed to other memebers/residents, including DELPHINE KAISER;

f. Negligently, carelessly and/or recklessly failing to develop, adopt, implement, and/or adhere to appropriate polices, practices and/or procedures regarding the safety, supervision, and/or monitoring of vulnerable adults residing within the facility such as DELPHINE KAISER;

g. Negligently, carelessly and/or recklessly failing to adequately train and/or supervise personnel in regards to observation, safety supervision and/or monitoring and in the appropriate care to be provided to vulnerable adults such as DELPHINE KAISER.

h. Negligently, carelessly and/or recklessly failing to timely and appropriately observe, supervise, assist, protect and/or monitor DELPHINE KAISER, a vulnerable resident, from and against injury;

i. Negligently, carelessly and recklessly failing to supervise and monitor Mr. Wattles so he would not cause injury to other vulnerable residents, including, but not limited to DELPHINE KAISER;

THE
SAM BERNSTEIN,
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

j.    Negligently, carelessly and/or recklessly failing to deliver care services as promised or as was indicated;

k.    Negligently, carelessly and/or recklessly being inadequately staffed, incapable of delivering care services as promised, and/or misallocating resources and/or spending so that such care services were incapable of being delivered as promised;

l.    Negligently, carelessly and/or recklessly failing to take adequate precautions or provide reasonable care as was required under the circumstances;

m.    Negligently, carelessly and/or recklessly failing to adequately protect and/or safeguard DELPHINE KAISER from and against foreseeable hazards;

n.    Negligently, carelessly and/or recklessly violating statutory and/or regulatory licensing provisions, constituting negligence *per se*, including, but not limited to:

o.    failing to afford "protection", meaning the continual responsibility of the home to take reasonable action to ensure the health health, safety, and well being of a resident as indicated in the resident's service plan, including protection from physical harm, humiliation, intimidation, and social, moral, financial and personal exploitation while on the premises, while under the supervision of the home or an agent of the home , or when the resident's service plan states the resident needs continuous supervision.

p.    Failing to provide "supervision", also including, but not limited to, being aware of a resident's general whereabouts as indicated in the resident's service plan, even though the resident may travel independently about the community.

q.    Failing to assure the home maintains a program a program to provide protection, supervision, assistance and supervised personal care to its residents (Rule 21),

r.    Failing to appoint a competent administrator responsible for operating a home in accordance with the established policies of the home (Rule 21),

s.    Failing to assure the resident receives services consistent with the home's program statement and in accordance with the resident's service plan and agreements (Rule 21),

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

t.      Failing to provide room, board, protection, supervision, assistance and supervised personal care consistent with the resident's service plan (Rule 22),

u.      Failing to update each resident's service plan if there is a significant change in the resident's care needs (Rule 22),

v.      Failing to report all incidents, accidents and/or elopements (events where residents suffers harm or is at risk of more than minimal harm (including abuse, neglect and/or exploitation) within 48 hours of the occurrence to the State (Rule 24),

w.      Retaining a resident who requires continuous nursing care services (Rule 22),

x.      Failing to discharge or transfer a resident if the resident has demonstrated behaviors that pose a risk of serious harm to others unless the home has the capacity to manage the manage the resident's behavior (Rule 22), among other particulars.

y.      Failing to treat the resident with respect and dignity and personal care needs, including protection and safety, consistent with the resident's service plan (Rule 31) ; and

z.      Failing to designate 1 person on each shift to be supervisor of resident care who shall protect residents from accidents from accidents and injuries. (Rule 31), among other particulars.

aa.     Negligently, carelessly and/or recklessly conducting negligent acts and/or omissions of negligence to be determined through the course of discovery;

bb.     Otherwise failing to act reasonably prudent under the same or similar circumstances;

53.     That as a direct and proximate result of the acts of negligence, carelessness, and/or recklessness complained of, committed by the Defendants and their agents, servants, and/or employees described above Plaintiff DELPHINE KAISER suffered injury from and as a result of the un-consented to and overtly sexual contact with Mr. Wattles which injuries include though are not limited to:

a.      Pain and suffering;

THE
SAM BERNSTEIN®
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

b.    Fright, shock, and/or mortification;

c.    Loss and/or violation of dignity;

d.    Mental anguish and anxiety;

e.    Aggravation and/or exacerbation of underlying mental condition;

f.    Other damages and/or injuries not yet diagnosed;

g.    Economic loss.

WHEREFORE for all of the above stated reasons Plaintiff DELPHINE KAISER, by and through her Atttorney in Fact and Next Friend DENISE HOEY, prays for judgment against these Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., and/or G. P. WOODS ASSISTED LIVING, LLC, in whatever amount in excess of the minimum jurisdictional limit of $25,000.00 (Twenty-Five Thousand Dollars) to which she is found to be entitled to at the time of trial, together with interest, costs, and/or attorneys fees.

## COUNT II
## BREACH OF CONTRACT

54.    That Plaintiff repeats and realleges each of the paragraphs of Count I above, as though fully set forth and at length, word for word, paragraph for paragraph.

55.    That the Residency Agreement and Program and Services description (Exhibit 1), executed with these Defendants and for and/or on behalf of DELPHINE KAISER constitutes a valid contract for services.

56.    That valuable consideration was paid for the services specified by, for or on behalf of DELPHINE KAISER.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

20

57.     That the Residency Agreement (Article VI) provides, "... the Community shall provide room, board, protection, supervision, assistance and supervised personal care and supervised personal care consistent with the Residence Service Plan.

58.     That DELPHINE KAISER's contracted for service plan called for base Reminiscence Program, and  "Reminiscence Plus" and "Reminiscence Plus Plus" Programs, and "Enhanced Care" Programs, and delivery of the associated services delineated within the individualized service plan, Residency Agreement and Program and Services Description contained therein.

59.     That valuable consideration was given by, for or on behalf of Plaintiff DELPHINE KAISER and these Defendants failed to deliver the promised expectancy.

60.     That by the act and/or omissions previously set forth and described, the Defendants breached the contract for services and/or Residency Agreement in failing to provide the bargained for consideration; specifically, the necessary protection, safety, security, supervision, observation, assistance, and/or supervised personal care services consistent with the contract for services/Residency Agreement and the resident's individualized service plan as originally written or as updated.

61.     That there was a material breach of contract by these Defendants through the complained of acts and omissions previously set forth and described and your Plaintiff, DELPHINE KAISER and/or her family suffered damages.

62.     That your Plaintiff, DELPHINE KAISER, and/or her family, performed and complied with all terms and provisions of said Residency Agreement and/or contract.

63.     That your Plaintiff, DELPHINE KAISER, and/or her family, paid valuable consideration to receive the benefit and/or expectancy of return as set forth in the Residency Agreement/Contract and as otherwise was expressed and implied.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

64.     That the Plaintiff, DELPHINE KAISER, and/or her family, otherwise fulfilled all contractual obligations incumbent upon her.

WHEREFORE for all of the above stated reasons Plaintiff DELPHINE KAISER, by and through her Atttorney in Fact and Next Friend DENISE HOEY, prays for judgment against these Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., and/or G. P. WOODS ASSISTED LIVING, LLC, for actual, compensatory and/or consequential damages, in whatever amount in excess of the minimum jurisdictional limit of $25,000.00 (Twenty-Five Thousand Dollars) to which she is found to be entitled to at the time of trial, together with interest, costs, and/or attorneys fees.

**COUNT III**
**FRAUDULENT AND/OR NEGLIGENT MISREPRESENTATION**

65.     That the Plaintiff adopts by reference the preceding paragraphs of her Complaint set forth in Counts I and II as though fully set forth herein and at length word for word and paragraph for paragraph.

66.     That the Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and/or G. P. WOODS ASSISTED LIVING, LLC intentionally and/or negligently made the following false misrepresentations of fact to Plaintiff DELPHINE KAISER and/or the responsible family members acting on her behalf, thereby inducing them to contract and pay valuable consideration; to wit, that the Defendants would, could and were capable of providing that necessary room, board, protection, supervision, observation, assistance, and supervised personal care consistent with the (contract for services) Residency Agreement/Resident Service Plan as well as unparalleled and unique safety and security.

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

67.     That the Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and/or G. P. WOODS ASSISTED LIVING, LLC representations were false when they were made as they were made in bad faith and/or without any intent, ability and/or capacity by these Defendants to perform, conform or deliver these promises and/or representations.

68.     That the misrepresentations of fact were material.

69.     That the material misrepresentations were made by the Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and/or G. P. WOODS ASSISTED LIVING, LLC with knowledge of their falsity and/or made recklessly without any knowledge of the truth of the representations and as a positive assertion.

70.     That the fraudulent, false and/or negligent misrepresentations of fact were indeed material, and were made with the intention that the representation should be acted on.

71.     That the Plaintiff DELPHINE KAISER and her responsible family members relied on the false and/or negligent misrepresentations of fact made by the Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and/or G. P. WOODS ASSISTED LIVING, LLC.

72.     That as a result of the Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and/or G. P. WOODS ASSISTED LIVING, LLC fraudulent and/or negligent misrepresentations, the Plaintiff DELPHINE KAISER has suffered substantial damages as previously set forth and described.

WHEREFORE for all of the above stated reasons Plaintiff DELPHINE KAISER, by and through her Atttorney in Fact and Next Friend DENISE HOEY, prays for judgment against these Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., and/or

THE
SAM BERNSTEIN®
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

G. P. WOODS ASSISTED LIVING, LLC, in whatever amount in excess of the minimum jurisdictional limit of $25,000.00 (Twenty-Five Thousand Dollars) to which she is found to be entitled to at the time of trial, together with interest, costs, and/or attorneys fees.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS (ELLIOT-LARSON)

73.     That the allegations of the preceding paragraphs and Counts I, II & III are repeated, realleged, and reincorporated by reference as though fully set forth at length, word for word, paragraph for paragraph.

74.     That the Elliot-Larsen Civil Rights Act provides that a person shall not deny a person the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of a place of public accommodation or public service because of sex.

75.     That pursuant to the Elliot-Larsen Civil Rights Act, discrimination because of sex is prohibited (MCL §37.2103.) and pursuant to statute, and interpretive case law, discrimination because of sex includes sexual harassment.

76.     That prohibited sexual harassment is defined as: unwelcomed sexual advances, request for sexual favors, and other verbal or physical conduct or communication of a sexual nature when:  (i)  submissions to such conduct or communication is made a term or condition, explicitly or implicitly to obtain public accommodation, public service or education,  or (ii) submission to the conduct or communication by and individual is used as a factor in decisions affecting the individual's public accommodation, public services or education.  (MCL §37.2103)

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

24

77.    That at all times relevant, SUNRISE OF GROSS POINTE WOODS constituted a place of public accommodation and/or public service to which the Elliott Larsen Civil Rights Act applied.

78.    That Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., and by and through their employees at SUNRISE OF GROSS POINTE WOODS caused and/or permitted the prohibited sexual harassment by Mr. Wattles as previously set forth and described in this Complaint, which had the purpose or effect of substantially interfering with DELPHINE KASIER'S receipt of public accommodation and/or public services.

79.    That additionally, or in the alternative, the Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC. and by and through their employees, which caused and/or permitted the prohibited sexual harassment by Mr. Wattles as previously set forth and described in this Complaint, created a hostile environment that substantially interfered with DELPHINE KAISER'S receipt of public accommodations and/or public services.

80.    That there was a failure to timely remediate and/or remove/transfer Mr. Wattles by the Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., upon receipt of actual and/or constructive knowledge and/or notice of prior instances of inappropriate sexual misconduct by Mr. Wattles perpetrated on DELPHINE KAISER, other residents of SUNRISE OF GROSS POINTE WOODS and/or on Defendant's staff, and/or upon receipt of such other information that would indicate he was unfit and/or unsafe to reside in and/or remain in the same Sunrise Community with vulnerable adult female dementia patients, such as DELPHINE KAISER.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

81.     That foreseeably one of the patients/residents of the Sunrise Community, in this case, DELPHINE KAISER, was subjected to that physical and emotional harm and/or injury through the ongoing and/or escalating sexual harassment, wrongdoing and misconduct at the hands of Mr. Wattles and/or Defendants SUNRISE SENIOR LIVING, INC. which caused or allowed same to occur and/or continue.

82.     That additionally, or in the alternative, the nature, extent and duration of Mr. Wattles sexually harassing misconduct was such that the Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC had actual and/or constructive notice of the hostile environment created by Mr. Wattles' wrongdoing and/or misconduct.

83.     That Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., violated Plaintiff DELPHINE KAISER'S civil rights by requiring her to submit to, endure and/or otherwise causing her to be sexually harassed, on one or more occasions, including, but not limited to, that contact of a sexual nature as previously set forth and described in this Complaint, which became terms, conditions and/or factors in Plaintiff DELPHINE KAISER'S right to obtain public accommodation and/or public services from these Defendants within SUNRISE OF GROSS POINTE WOODS.

84.     That as a direct and proximate result of Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., wrongdoing, by and through their employees and/or agents, DELPHINE KAISER has suffered those injuries and damages, both physical and emotional, previously set forth and described in this Complaint.

        WHEREFORE for all of the above stated reasons Plaintiff DELPHINE KAISER, by and through her Atttorney in Fact and Next Friend DENISE HOEY, prays for judgment against these Defendants, SUNRISE SENIOR LIVING MANAGEMENT,

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

26

judgment against these Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC. in whatever amount in excess of the minimum jurisdictional limit of $25,000.00 (Twenty-Five Thousand Dollars) to which she is found to be entitled to at the time of trial, together with interest, costs, and/or attorneys fees.

Respectfully submitted,

THE SAM BERNSTEIN LAW FIRM

/S/ STANLEY J. FELDMAN
STANLEY J. FELDMAN (P52123)
Attorney for Plaintiff
31731 northwestern Hwy, Suite 333
Farmington Hills, MI  48344
(248) 538-3147

Dated:  July 2, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties of the above cause to each of the attorneys of record herein using the ECF system which will send notification of such filing to the following:

Jonathan M. Jaffa
jjaffa@swappc.com

Respectfully submitted,

THE SAM BERNSTEIN LAW FIRM

S/ Nikita L. Hubbard
NIKITA L. HUBBARD

THE
SAM BERNSTEIN®
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY