UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE HOEY, Attorney in Fact and
Next Friend of DELPHINE KAISER,

      Plaintiff,

v.                                                        Case No. 11-CV-13740
                                                          Honorable Denise Page Hood

SUNRISE SENIOR LIVING MANAGEMENT,
INC.,

      Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT

**I. INTRODUCTION**

Plaintiff contends that Defendant has not complied with the terms of their settlement agreement. Now before the Court is Plaintiff's Motion for Enforcement of Settlement Agreement, Entry of Judgment in Full, and Sanctions, filed October 25, 2012. For the reasons stated below, Plaintiff's Motion to Enforce Settlement Agreement is GRANTED.

**II. BACKGROUND**

On August 8, 2012, the parties appeared before Magistrate Judge Laurie J. Michelson. Plaintiff asserts that the only terms discussed at the settlement conference were that Defendant would pay a $225,000.00 settlement in six monthly installments, beginning September 30, 2012. Defendant claims that "[s]pecific concerns and conditions were communicated [during the settlement conference] including, but not limited to, Defendant's expectation that a Release would be signed by Plaintiff regarding confidentiality and a possible Medicare lien." [Docket No. 50, Pg ID 908]. Defendants further note that "implicit" in these communications was the expectation that

the parties would memorialize the settlement with standard and necessary terms. The parties accepted the settlement terms on September 10, 2012.

Apparently this implication that a confidentiality provision and a Medicare lien provision would be included in a release was not shared by both parties. On August 14, 2012, Defendant sent a proposed settlement agreement that included additions such as Medicare hold-backs, indemnity and hold harmless provisions, and a confidentiality agreement enforced by liquidated damages. Payment was conditioned on Plaintiff's assent to these terms. Plaintiff did not agree to these terms. Plaintiff notes that she attempted to cooperate with Defendant by providing a second proposed settlement agreement that provided for full release, indemnity, and a hold harmless agreement. Defendant did not accept the terms of this agreement. To date, Defendant has not made the September 30, October 30, or November 30 payments under the settlement agreement.

## III. ANALYSIS

Plaintiff argues that Defendant cannot unilaterally add terms to the settlement agreement after the parties have already agreed to the essential terms. Defendant agrees that the parties reached an agreement before the Magistrate Judge, but believes that the parties were left to memorialize their agreement. Defendant concedes that the parties agree as to the confidentiality provision, but disagree as to Medicare liens, Plaintiff's authority to execute the agreement, that the settlement reflects a compromise, and application of Michigan law. Defendant argues that the payment schedule is rendered impossible given the parties' dispute and asks the Court to modify it.

"Agreements settling litigation are solemn undertakings, invoking a duty upon the involved lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and timely carried out." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976).

The Court has power to summarily enforce a settlement agreement; however, when material facts are in dispute, such as whether an agreement even existed, the court should hold an evidentiary hearing. *Kukla v. National Distillers Products Co.*, 483 F.2d 619, 621–22 (6th Cir.1973). Therefore, the initial inquiry for the Court is whether an agreement has been reached on all material terms. *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001) (citing *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)).

"[S]ummary enforcement of a settlement agreement [is] appropriate where no substantial dispute exists regarding the entry into and terms of an agreement." *Id.* (citing *Kukla*, 483 F.2d at 621). A settlement is not deemed unenforceable simply because the parties have not memorialized it. *Id.* at 646; *see also Scholnick's Importers-Clothiers, Inc. v. Lent*, 130 Mich. App. 104, 109 (1983) ("where agreement has been expressed on all the essential terms of the contract, the mere fact that the parties manifest an intention to prepare a written memorial of their agreement does not render the oral contract unenforceable merely because the writing is never prepared."). The parties are bound to the settlement agreement once they have agreed to all the material terms. *Id.* The Court "must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). The Court may only reform a settlement agreement if the one attacking it bears the burden of "showing that the contract he had made is tainted with invalidity, either by fraud . . . or by a *mutual mistake* . . . ." *Brown v. County of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989) (quoting *Callen v. Pennsylvania R.R. Co.*, 332 U.S. 625, 630 (1948)) (emphasis in original). The intent of the parties to enter into a settlement agreement is a question of fact. *Id.*

Neither party has requested an evidentiary hearing. Nor do the parties dispute that an

3

agreement was reached as to the amount of the settlement or the pay schedule. Defendant notes that it communicated Defendant's expectation that Plaintiff would sign a confidentiality release and possible Medicare lien. Defendant does not argue that this was part of the parties' agreement. Defendant simply contends that it implied that these "necessary terms" would be memorialized into the settlement agreement in order to protect Defendant's regarding the Medicare lien and position contesting liability. Defendant's belief that these terms would be included in the settlement agreement does not support its argument that both parties agreed to these terms when the agreement was made. The transcript is not before the Court so it only has the parties' conflicting statements on which to rely.

Defendant does not argue that the additional terms were discussed and accepted by both parties. The parties only discussed and agreed on two terms. A provision regarding a Medicare lien and a provision that the settlement is contingent on Plaintiff's assent to certain terms are not incidental parts memorializing the settlement agreement.[1] Rather, these additions are material changes to an agreement that has already been reached by the parties. Although the Court contemplates that the parties are free to memorialize their agreement after reaching a settlement on the record, Defendant cannot use this time as opportunity to change the essential terms of the settlement. "[T]he time to [incorporate additional terms and conditions] was in court when the agreement was placed on the record, not days or weeks thereafter." *Mikonczyk v. Detroit Newspapers, Inc.*, 238 Mich. App. 347, 350 (1999). At the settlement conference, Defendant should

---

[1] It does appear that the parties agree on the confidentiality clause and any statements as to release, indemnification, and that the parties' agreement reflects a compromise. These additions appear to only be standard clauses that would not materially change the agreement.

4

have made certain that the conditions it now seeks to include were in fact made part of the settlement agreement. The Court is not in a position to change the parties' agreement based on Defendant's unilateral belief that these terms would somehow be included later. "Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment." *Genesis Props. v. Crown Life Ins. Co.*, No. 98-2370, 2000 U.S. App. LEXIS 1929, *16 (6th Cir. Feb. 8, 2000) (unpublished) (citing *Clinton Street Greater Bethlehem Church v. City of Detroit*, 484 F.2d 185, 189 (6th Cir.1973)).

Citing only Michigan law, Plaintiff notes that the Court has inherent authority to impose sanctions and requests that sanctions be awarded against Defendant for its breach of the settlement agreement. The Supreme Court has recognized the trial court's inherent authority to impose independent sanctions for "conduct before the court and . . . beyond the court's confines." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991). Such authority is derived from the Court's equitable power to control the litigants and ensure the integrity of court proceedings. *Dell, Inc. v. Elles,* 2008 U.S. App. LEXIS 27866, *6 (6th Cir. June 10, 2008) (unpublished)(citing *Chambers*, 501 U.S. at 43). To impose such sanctions requires a finding of bad faith. However, these "powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

Plaintiff should not be required to bear the burden of paying attorney fees for Defendant's failure to comply with the settlement agreement. The consequences of Defendant's belief that the terms would later be included should be borne by Defendant alone. In order to restore Plaintiff to the same position as she would have been if Defendant had complied with the settlement agreement, the Court will award the costs and fees of bringing and defending this motion.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Enforcement of the Settlement Agreement is **GRANTED**. The parties shall execute a standard and simple release.

**IT IS FURTHER ORDERED** that any outstanding payments must be made current within **thirty (30) days** of this order.

**IT IS SO ORDERED**.

                                         S/Denise Page Hood
                                         Denise Page Hood
                                         United States District Judge

Dated: February 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2013, by electronic and/or ordinary mail.

                                         S/LaShawn R. Saulsberry
                                         Case Manager